IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| HAROLD L. PHILLIPS | § | |
|---|---|---|
| | § | |
| VS. | § | CIVIL ACTION NO. G-07-004 |
| | § | |
| THE STATE OF TEXAS | § | |

## REPORT AND RECOMMENDATION

Before the Court is the "Motion to Dismiss" filed by Defendant, The State of Texas; the Motion seeks the complete dismissal of the original complaint of Plaintiff, Harold L. Phillips. Having considered the Motion and Plaintiff's response, the Court now issues this Report and Recommendation to the District Court.

Harold Phillips, acting *pro se*, has once again tried to bring his frustrating domestic relations conflict onto the federal battlefield. In the past, he has fought with numerous state and county officials and lost. This time he has by-passed the individuals who continue to repel his efforts and attacked, instead, their Sovereign, the great State of Texas herself. Unfortunately, for Phillips, Texas cannot be compelled to duel with Phillips in this arena.

As Texas points out in her refreshingly succinct and legally correct Motion, even accepting Phillips' allegations as true, there are, at least, four insurmountable and/or compelling reasons to dismiss Phillips' complaint. First, the Eleventh Amendment bars Phillips from suing Texas in federal court. Penhurst State School & Hospital v. Halderman, 465 U.S. 89, 100-102 (1984) The United States has not abrogated Texas' sovereign immunity for civil rights claims, Sessions v. Rusk State Hospital, 648 F.2d 1066, 1069 (5th Cir. 1981), and Texas has not waived its immunity to suit in federal court for such claims. Aguilar v. Texas Department of Criminal Justice-Institutional Division, 160 F.3d 1052, 1054 (5th Cir. 1998)   Second, Texas is not a

"person" amenable to suit under civil rights jurisprudence.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989)     Third, a Federal District Court may not entertain direct or collateral attacks on state court civil judgments, District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); if Phillips is dissatisfied with his treatment in the Galveston County Courts, there are state appellate courts available to him.  And finally, the domestic relations exception to the exercise of federal jurisdiction wisely cautions a Federal District Court to avoid becoming embroiled in child custody matters which are subject to state law.  Rykers v. Alford, 832 F.2d 895 (5th Cir. 1987)

    For all of the foregoing reasons, it is the **RECOMMENDATION** of this Court that the "Motion to Dismiss" (Instrument no. 4) of the Defendant, The State of Texas, be **GRANTED**; that the "Original Complaint" (Instrument no. 1) of Plaintiff, Harold L. Phillips, be **DISMISSED in its entirety**; and that the State of Texas **RECOVER all costs** incurred in defending against Phillips' baseless federal complaint.

    The Clerk **SHALL** send a copy of this Report and Recommendation to the Parties who **SHALL** have until **April 13, 2007**, in which to have written objections, filed pursuant to 28 U.S.C. §636(b)(1)(C), **physically on file** in the Office of the Clerk.  The Objections **SHALL** be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553.  Failure to file written objections within the prescribed time **SHALL** bar any Party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

    **DONE** at Galveston, Texas, this _____21st_____ day of March, 2007.

_____
John R. Froeschner
United States Magistrate Judge